UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NADA SALIH MUSA,

                Plaintiff,

                                       **REPORT&**
                                       **RECOMMENDATION**
           -against-                     CV 14-3600 (LDW) (GRB)

DR. OLUYEMI BADERO, PHYSICIAN, P.C.,
and OLUYEMI BADERO, *Individually*


                Defendants.
---------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

      Before the undersigned is a motion for default judgment by plaintiff Nada Salih Musa

against corporate defendant Dr. Oluyemi Badero, Physician, P.C. ("Badero P.C."), and

individual defendant Dr. Oluyemi Badero ("Dr. Badero"), which has been referred to the

undersigned by the Honorable Leonard D. Wexler to conduct an inquest, and to report and

recommend as to whether the motion should be granted and damages should be awarded.  Order

Referring Mot. dated Dec. 16, 2014.  The undersigned conducted an inquest hearing on July 30,

2015.  Minute Entry dated July 30, 2015.

      For the reasons set forth herein, I respectfully recommend that default judgment be

granted as to plaintiff's second and third causes of action for violations of overtime provisions

under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York State Labor

Law ("NYLL"), 12 N.Y. C.R.R. Part 142, default judgment be denied in all other respects, and

damages be awarded in the total amount of $22,097.26.

# PROCEDURAL BACKGROUND

Plaintiff commenced this action against defendants by filing a complaint on June 9, 2014. DE 1.  As to Badero P.C., service of process was effected upon New York Secretary of State pursuant to N.Y. B.C.L. § 306.  DE 4; Welch Aff. Ex. B, DE 9-1.  As to the Dr. Badero, "Jane Doe," a female co-worker[1] of Dr. Badero, approximately thirty years of age, was personally served with the summons and complaint at 481 Atlantic Avenue, Brooklyn, NY 11217.  DE 5; Welch Aff. Ex. C.  The process server also mailed a copy of the summons and complaint to Dr. Badero at the same address.  DE 5; Welch Aff. Ex. C.  On October 31, 2014, plaintiff requested a certificate of default, DE 6, which was denied because the "[a]ffirmation does not state whether or not defendants are infant/military/incompetent."  Entry dated Nov. 3, 2014.  On November 3, 2014, having corrected that deficiency, plaintiff again requested a certificate of default, DE 7, and the Clerk noted an entry of default as to both defendants.  DE 8.

On November 19, 2014, plaintiff filed her motion for default judgment.  DE 9.  On December 16, 2014, Judge Wexler referred the motion to the undersigned to conduct an inquest and to report and recommend as to whether the motion should be granted and damages should be awarded.  Order dated Dec. 16, 2014.  The undersigned scheduled an inquest hearing for July 30, 2015.  E-Order dated July 13, 2015.[2]  On July 30, 2015, the undersigned conducted an inquest hearing, at which plaintiff and her counsel were present, but defendants failed to appear.  Minute

---

[1] On the affidavit of service, the section that explains Jane Doe's "Title/Relationship" with respect to Dr. Badero states "C.W."  DE 5; Welch Aff. Ex. C.  Plaintiff's counsel clarified that "C.W" indicates that Jane Doe was Dr. Badero's co-worker.

[2] Plaintiff's counsel was directed to serve a copy of the order setting the inquest hearing on defendants at their last known addresses, and file proof of service.  E-Order dated July 13, 2013.  On July 20, 2013, plaintiff filed certificates of service, indicating that plaintiff mailed the order setting the inquest hearing to defendants' work address at 481 Atlantic Avenue, Brooklyn, NY 11217.  DE 13, 14.  On August 3, 2015, after the inquest, plaintiff filed a letter indicating that the mailed was returned as undeliverable.  DE 16.  Since plaintiff complied with the undersigned's directive to serve defendants "at their last known address(es)," E-Order dated July 13, 2015, and "[n]o service is required on a party who is in default for failing to appear" under Federal Rule of Civil Procedure 5(a)(2), the fact that notice of the inquest was undeliverable has no bearing on the outcome of this report and recommendation.

Entry dated July 30, 2015.  With leave of the Court, plaintiff filed a memorandum in further support of her motion for default judgment regarding the issue of supplemental jurisdiction on August 3, 2015.  DE 15.

## FACTUAL BACKGROUND

Plaintiff brings six causes of action against defendants: (1) FLSA minimum wage violation, (2) FLSA overtime violation, (3) NYLL overtime violation, (4) NYLL spread-of-hours pay violation, (5) New York City Human Rights Law ("NYCHRL") sexual harassment claim, (6) NYCHRL employer liability for discriminatory conduct.  Compl. ¶¶ 1-2, 83-111, DE 1.

### A.  Complaint

The following uncontroverted facts are taken from plaintiff's complaint.  Badero P.C., a physician's office, is a domestic professional corporation with its principal place of business at 481 Atlantic Avenue, Brooklyn, NY 11217, and a separate place of business at 687 Lenox Road, Brooklyn, NY 11203.  Compl. ¶¶ 7-8.  At the relevant time, Dr. Badero owned and operated Badero P.C, and also served as an employee there.  *Id.* at ¶ 8, 10.  During plaintiff's employment Dr. Badero was plaintiff's supervisor and had authority to hire, fire, or affect the terms and conditions of plaintiff's employment.  *Id.* at ¶ 11.  Plaintiff was employed by Badero P.C. to work as an office clerk at the Lenox Road location from late 2010 until April 10, 2014, when defendants terminated her employment.  *Id.* at ¶¶ 18, 68.  Badero P.C. grossed more than $500,000 in the past year.  *Id.* at ¶ 17.

### 1. *FLSA and NYLL Violations*

Plaintiff worked consistently more than forty hours a week, usually around 42.5 hours per week. *Id.* at ¶ 21. From late 2010 to March 2013, plaintiff earned $10 per hour, but in March 2013 to April 10, 2014, she earned $11 per hour. *Id.* at ¶¶ 19, 22. Plaintiff alleges that defendants failed to compensate plaintiff for regular hours, and overtime hours worked over forty hours a week. *Id.* at ¶¶ 23, 25. Defendants would often demand that plaintiff record that she came in at a later time than she did. *Id.* at ¶¶ 26, 27. Defendants improperly deducted hours from plaintiff's paycheck on at least ten occasions. *Id.* at ¶ 28.

Additionally, defendants failed to compensate plaintiff for spread of hour wages for days on which she worked more than ten hours a day. *Id.* at ¶ 29. Plaintiff worked more than ten hours a day two to three times a month. *Id.* at ¶ 30.

### 2. *NYCHRL Violations*

In addition to failing to pay plaintiff overtime and spread of hour wages, plaintiff alleges that Dr. Badero sexually harassed her. *Id.* at ¶ 31. The complaint contains the following allegations:

On many occasions, Dr. Badero made comments such as "I like how you dress up like a student"; "I like your accent"; "You have soft skin"; "You have a narrow waist." *Id.* at ¶¶ 32, 33. Dr. Badero repeatedly proposed to have sex with plaintiff, which plaintiff rejected. *Id.* at ¶¶ 34-37. On or about October 2011, Dr. Badero called plaintiff into the examination room, and proceeded to kiss and hug her. *Id.* at ¶ 39. Over a short period of time, Dr. Badero began to sexually and physically harass the plaintiff by requiring her to have sex in the office, and at times forcing himself upon her. *Id.* at ¶ 40. Dr. Badero also took pictures of plaintiff while he was

having sex with her.  *Id.* at ¶ 46.  Dr. Badero threatened to fire plaintiff if she told anyone about the relationship.  *Id.* at ¶ 41.

Dr. Badero had previously told plaintiff that he was not married, but he had three daughters.  *Id.* at ¶ 37.  In or about the summer of 2012, plaintiff learned from Dr. Badero's daughter that he was married.  *Id.* at ¶ 42.  Dr. Badero then began to threaten to fire plaintiff.  *Id.* at ¶ 43.  From that point, Dr. Badero's behavior towards plaintiff changed, including belittling her in front of others, cursing at her, and reprimanding her for any minor mistake she made.  *Id.* at ¶ 45.

In addition to being plaintiff's employer, Dr. Badero also served as plaintiff's physician. *Id.* at ¶ 56, 60.  On January 14, 2014, Dr. Badero refused to write plaintiff a prescription unless she had sex with him.  *Id.* at ¶ 58.  In May 2013, plaintiff informed Dr. Badero that she was in a relationship, whereupon Dr. Badero became enraged.  *Id.* at ¶¶ 52, 53.  On April 2, 2014, Dr. Badero conducted an OB/GYN exam on plaintiff during which he attempted to force himself on plaintiff.  *Id.* at ¶¶ 60-63.  Plaintiff's boyfriend saw Dr. Badero attempting to sexually assault the plaintiff, and shattered the window to the examination room.  *Id.* at ¶ 64.  Dr. Badero called 9-1-1, but before the police came, Dr. Badero told plaintiff not to tell anyone about their relationship. *Id.* at ¶ 65.

On or around April 10, 2014, Dr. Badero called plaintiff into her office.  He had a picture of plaintiff naked on his computer screen, depicting the two of them—Badero and the plaintiff—engaging in a sexual act.  *Id.* at ¶ 67.  He then began ranting that he was a "proud African man," and that his "stomach boils that [plaintiff] chose another man" over him.  *Id.*  At that time, Dr. Badero terminated plaintiff's employment.  *Id.*

Plaintiff alleges that defendants terminated her employment in retaliation for objecting to Dr. Badero's sexual advances and for refusing to continue a sexual relationship with him. *Id.* at ¶ 68. As a result, plaintiff brings her fifth cause of action for "creating maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender (<u>sexual harassment</u>)" under N.Y.C. Admin. Code ¶ 8-107(1), and sixth cause of action for employer liability for discriminatory conduct by employee, agent, or independent contractor under N.Y.C. Admin. Code § 8-107(13). *Id.* at ¶¶ 106-111.

### B. Inquest on Damages

At the inquest, which has not been transcribed, plaintiff testified and offered documentary exhibits in support of her claims for damages. *See generally* Inquest Hr'g Tape ("Tape"). As relevant herein, plaintiff supplied time sheets,[3] pay statements,[4] and financial summaries,[5] along with credible supporting testimony, demonstrating unpaid wages and overtime totaling $1,801.25. *Id.* at 10:21-10:41. Plaintiff also submitted evidence regarding unpaid spread of hours totaling $683.25. *Id.* Additionally, her counsel submitted documentation supporting an attorney's fees award of $21,822.50, and litigation costs of $1,646.40. Pl.'s Ex. 10 & 10(a).

Furthermore, plaintiff provided sworn testimony and documentary evidence, including a psychiatric report,[6] proffered in support of emotional damages arising from her claims under the NYCHRL. Tape 10:45-end. However, for the reasons discussed herein, supplemental jurisdiction does not appear to exist as to plaintiff's NYCHRL claims. Therefore, those damages have not been quantified or examined as part of this report.

---

[3] Pl.'s Exs. 3-4.
[4] Pl.'s Exs. 3, 7-8.
[5] Court Ex. 1, DE 17.
[6] Pl.'s Ex. 1

**DISCUSSION**

**A. Procedural Prerequisites for Default Judgment**

Federal Rule of Civil Procedure 55 ("Rule 55") establishes a two-step process for obtaining a judgment against the defaulting party. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the Clerk of the Court, upon notification from the party seeking affirmative relief, notes a default against the party that has failed to plead or otherwise defend in the action. Fed. R. Civ. P. 55(a); *Priestley*, 647 F.3d at 504–05. Second, the plaintiff must seek a judgment under Rule 55(b), following one of two procedures. The plaintiff may request that the Clerk of the Court enter judgment if the plaintiff's claim is for a sum certain (or a sum that can be made certain by computation), the defendant has failed to appear, and the defendant is neither a minor nor an incompetent. Fed. R. Civ. P. 55(b)(1); *Priestley*, 647 F.3d at 505. In all other cases, the party seeking a judgment by default must apply to the court pursuant to Rule 55(b)(2). *Priestley*, 647 F.3d at 505.

Plaintiff has satisfied all the procedural prerequisites for default judgment. Defendant failed to appear in this action. Upon plaintiff's request, the Clerk correctly noted an entry of default as to both defendants. DE 8. Plaintiff now moves for a default judgment.

*1. Service of Process*

All defendants have been properly served. As to corporate defendant Badero P.C., "Federal Rule of Civil Procedure 4(e) permits service on an individual to be made in accordance with the rules of the state in which the district court is located." *Finkel v. Genergy Elec. Servs. Co.* ("*Genergy*"), No. 08-CV-446 (RRM), 2010 WL 8445099, at *2 (E.D.N.Y. Aug. 24, 2010). Under New York Business Corporation Law, service of process upon a domestic or authorized

foreign corporation is complete upon "personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, which fee shall be a taxable disbursement." N.Y. B.C.L. § 306. Plaintiff has complied with New York Business Corporation Law § 306 as to corporate defendant Badero P.C. DE 4; Welch Aff. Ex. B, DE 9-1.

Furthermore, as to Dr. Badero individually, New York Civil Practice Law and Rules prescribe that "service is sufficient where the summons is delivered 'to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by mailing the summons to the person . . . at his or her last known residence or . . . at his or her actual place of business. . . .'" *Genergy*, 2010 WL 8445099, at *2 (citing N.Y. C.P.L.R. § 308(2)). Delivery "to a person of suitable age and discretion" is satisfied even where the person accepting service of process is a co-worker "who refused to give his name." *Id.* (satisfying N.Y. C.P.L.R. § 308(2) where "process was served at [individual defendant's] place of business . . . upon a male who appeared to be about 60 years old and who identified himself as [individual defendant's] coworker but who refused to give his name.").

Here, plaintiff has satisfied personal service upon Dr. Badero under N.Y. C.P.L.R. § 308(2). Plaintiff served the summons and complaint on an employee at Dr. Badero's actual place of business, who appeared to be approximately thirty years of age. DE 5; Welch Aff. Ex. C. Such service was proper even though the recipient was a co-worker who refused to give her name. *Genergy*, 2010 WL 8445099, at *2. In addition, plaintiff's affidavit of service states that the process server mailed the summons and complaint to defendant's actual place of business. DE 5; Welch Aff. Ex. C. Therefore, service of process upon Dr. Badero was proper.

## B. Jurisdiction

Unquestionably, the Court has jurisdiction over plaintiff's FLSA and NYLL claims. *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011) ("Because FLSA and NYLL claims usually revolve around the same set of facts, plaintiffs frequently bring both types of claims together in a single action . . . under the district court's supplemental jurisdiction."). The issue here is whether the claims of sexual discrimination under the NYCHRL stem from a common nucleus of operative fact warranting the exercise of supplemental jurisdiction.

In *Thomas v. EONY LLC*, No. 13-CV-8512 (JPO), 2015 WL 1809085 (S.D.N.Y. Apr. 21, 2015), Judge Oetken confronted a set of facts nearly identical to those before the Court in this matter, *i.e.* a plaintiff filed claims under the FLSA, but also sought recovery for sexual discrimination under the NYCHRL. Judge Oetken observed:

> "Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc.,* 30 F.3d 298, 303 (2d Cir.1994). Consequently, the "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte.*" *Lyndonville Sav. Bank & Trust Co. v. Lussier,* 211 F.3d 697, 700 (2d Cir.2000); *see also Mitchell v. Maurer,* 293 U.S. 237, 244 (1934) ("[The] lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."Fed.R.Civ.P. 12(h)(3).

> In a civil action in which it has original jurisdiction, a district court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To constitute the same Article III case or controversy, "the federal claim and state claim must stem from the same 'common nucleus of operative fact'; in other words, they must be such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Montefiore Med. Ctr. v. Teamsters Local 272,* 642 F.3d 321, 332 (2d Cir.2011) (*quoting United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)). "To make this determination, courts 'have traditionally asked whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the

> state claim before the court.'" *LaChapelle v. Torres,* 37 F.Supp.3d 672, 680 (S.D.N.Y.
> 2014) (*quoting Achtman v. Kirby, McInerney & Squire LLP,* 464 F.3d 328, 335 (2d
> Cir.2006)) (alterations and some internal quotation marks omitted). "[S]upplemental
> jurisdiction should not be exercised 'when the federal and state claims rest on essentially
> unrelated facts.'" *Chaluisan v. Simsmetal E. LLC,* 698 F.Supp.2d 397, 401
> (S.D.N.Y.2010) (*quoting Lyndonville Sav. Bank,* 211 F.3d at 704) (internal alteration
> omitted). "[T]he Court must dismiss all claims that do not share a common nucleus of
> operative fact with Plaintiffs' federal claims." *LaChapelle,* 37 F.Supp.3d at 682.

*Thomas v. EONY LLC*, No. 13-CV-8512 (JPO), 2015 WL 1809085, at *4 (S.D.N.Y. Apr. 21,

2015). In this context, Judge Oetken found that the Court lacked jurisdiction over the NYCHRL

claims, noting that "[d]istrict courts in this circuit have held that the fact of an employment

relationship does not establish a common nucleus of operative fact where it is the sole fact that

connects federal and nonfederal claims." *Id.* at *5 (internal quotation marks omitted) (citations

omitted). The Second Circuit has cautioned that "although an exercise of "judicial power may be

desirable or expedient, a suit may not proceed absent statutory authorization. In short,

jurisdiction cannot simply be expanded by judicial decree." *Achtman v. Kirby, McInerney &*

*Squire, LLP,* 464 F.3d 328, 333 (2d Cir. 2006) (alteration omitted). Indeed, a review of the

complaint and the brief evidentiary presentation of facts at the inquest hearing showed few facts

from the FLSA overtime claim that overlap with the NYCHRL sexual harassment and

discrimination claims. *Compare* Compl. ¶¶ 18-30 *with id.* at ¶¶ 31-82; Tape 10:21-10:45 *with id.*

at 10:45-end.

Plaintiff's reliance upon Magistrate Judge Reyes's decision in *Rivera v. Ndola Pharmacy*

*Corp.*, 497 F. Supp. 2d 381 (E.D.N.Y. 2007) is misplaced. In that matter, Judge Reyes held that

plaintiff's FLSA overtime claim and her NYCHRL claim "clearly derive from the same

'common nucleus of operative fact'" because defendant increased plaintiff's wages as a result of

plaintiff's willingness to engage in a social relationship with the defendant and then decreased

her salary when she rebuffed his sexual advances. *Rivera*, 497 F. Supp. 2d at 393.

Here, although the plaintiff has alleged a broad range of egregious conduct by the defendant, there are no allegations linking the *amount* that plaintiff was paid with the alleged sexual harassment.  Compl. ¶¶ 18-30.  Rather, defendants' failure to pay overtime under FLSA/NYLL stemmed from a blanket policy to not pay overtime wages.  When plaintiff complained to Dr. Badero about not receiving overtime, Dr. Badero responded with "No, this is how it is."  Compl. ¶ 24.  At the inquest hearing, plaintiff clarified that the phrase "this is how it is" meant "this is what everybody got paid—for the actual time—hours that they worked, and that's all.  Like, there is no overtime, rules, or law applied in the office."  Tape 10:40-41.  Therefore, the facts underlying her FLSA/NYLL claims and her NYCHRL claims do not substantially overlap.[7]

Therefore, the undersigned respectfully recommends that supplemental jurisdiction does not extend to plaintiff's fifth and sixth causes of action under NYCHRL.[8]


### C. Liability

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages.  *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.,* 702 F.Supp.2d 104, 111 (E.D.N.Y.2010) (citing *Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.1992)).  "With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the

---

[7] Plaintiff's counsel explained that "because Defendants employed fewer than 15 employees, Plaintiff could not avail herself to any claims or remedies under Title VII."  Pl.'s Supp. Br. 7, DE 15.

[8] Importantly, the plaintiff will not be prejudiced by the declination to exercise supplemental jurisdiction. According to the complaint—which was supplemented by the testimony at the inquest—defendants' sexual discrimination continued through 2014.  The statute of limitations pertaining to her NYCHRL claims is three years and "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance" of the type of continuing pattern alleged here.  *See, e.g.*, *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 573-74 (S.D.N.Y. 2011).

plaintiff's burden to establish that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Liberty Mut. Ins. Co. v. Fast Lane Car Serv.,* 681 F. Supp. 2d 340, 346 (E.D.N.Y.2010) (citation omitted); *see also Lyons P'ship, L.P.,* 702 F.Supp.2d at 111 (citation omitted).

Besides the NYCHRL claims, plaintiff brings four other causes of action: (1) FLSA minimum wage violation, (2) FLSA overtime violation, (3) NYLL overtime violation, (4) NYLL spread-of-hours pay violation. Compl. ¶¶ 83-111. Based upon the examination of the complaint, and evidence adduced at the inquest hearing, I find that plaintiff has demonstrated that the uncontroverted allegations establish the defendant's liability on the second and third causes of action for violation of FLSA and NYLL overtime provisions. I respectfully recommend that motion for default judgment be denied as to plaintiff's first cause of action for FLSA minimum wage violation, and fourth cause of action for NYLL spread-of-hours pay violation.

### 1. First Cause of Action: FLSA Minimum Wage Violation

As to plaintiff's first claim, the complaint conclusorily alleges that defendants failed to pay the minimum hourly rate for her employment in violation of FLSA, 29 U.S.C. § 206. However, plaintiff alleges she was paid $10-$11 during her period of employment from late 2010 until April 10, 2014. Compl. ¶¶ 19, 22. During the relevant time frame, the federal minimum wage has been less than $10 per hour. *Fermin v. Las Delicias Peruanas Rest., Inc.*, No. 14-CV-0559 (RRM)(VMS), 2015 WL 1285960 (E.D.N.Y. Mar. 19, 2015) (citing 29 U.S.C. § 206(a)(1)(C)).

Furthermore, "[u]nder the FLSA, where the state minimum wage is higher than the federal minimum wage, the federal overtime rate is calculated based on the state minimum

wage." *Rodriguez v. Almighty Cleaning Inc.*, 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011) (citing

29 C.F.R. § 778.5). During the relevant period, the minimum wage in New York State has not

risen above $8.00 per hour. NYLL § 652. Thus, plaintiff was never paid below federal or state

minimum wage. Therefore, I respectfully recommend that plaintiff's first cause of action for

failing to pay minimum hourly rate of employment be dismissed.


### 2. *Fourth Cause of Action: NYLL Spread-of-Hours Pay*

Plaintiff is not entitled to spread-of-hours pay under NYLL. As Judge Scanlon recently

observed:

> The NYLL spread-of-hours claim, for which there is no counterpart
> under the FLSA, provides that "an employee is entitled to recover
> compensation for an extra hour of work at the minimum wage for each
> day that the employee works in excess of ten hours." *Man Wei Shiu,* 2014
> WL 652355, at *10 (*citing* N.Y. Comp.Codes R. & Regs. tit. 12, § 142–
> 2.4).

> "The relevant regulation of the New York State Department of Labor (
> [']NYSDOL ['] ) . . . provides, in pertinent part, that, 'in addition to the
> minimum wage,' if an employee works in excess of 10 hours in a day,
> '[a]n employee shall receive one hour's pay at the basic minimum hourly
> wage rate.'" *Chuchuca v. Creative Customs Cabinets Inc.,* No. 13 Civ.
> 2506(RLM), 2014 WL 6674583, at *10 (E.D.N.Y. Nov. 25, 2014)
> (*quoting* N.Y. Comp.Codes R. & Regs. tit. 12, § 142–2.4).

> A limitation upon a plaintiff's eligibility to recover for spread-of-hours is
> that the plaintiff not earn more than the minimum wage. *See Guadalupe
> v. Tri–State Emp't, Mgmt. & Consulting, Inc.,* No. 10 Civ.
> 3840(NG)(CLP), 2013 WL 4547242, at *12–13 (E.D.N.Y. Aug. 28,
> 2013) (*citing* NYSDOL opinion letters stating this prerequisite).

*Fermin v. Las Delicias Peruanas Rest., Inc.*, No. 14-CV-0559 RRM VMS, 2015 WL 1285960, at

*22 (E.D.N.Y. Mar. 19, 2015); *see also Pinovi v. FDD Enterprises, Inc.*, No. 13 CIV. 2800 GBD

KNF, 2015 WL 4126872, at *5 (S.D.N.Y. July 8, 2015) (*quoting Williams v. Tri-State Biodiesel,

L.L.C.*, No. 13-Civ.-5041 (GWG), 2015 WL 305362, at *16 (S.D.N.Y. Jan. 23, 2015) ("[R]ecent

case law has been nearly unanimous that the spread-of-hours requirement extends only to workers paid at the minimum wage level.")). Based on these authorities, because plaintiff earned more than the minimum wage, she is not entitled to NYLL spread-of-hours pay.

### D. Recommended Damage Award Regarding the Wage Violation Claims

The damages calculation is based upon time sheets,[9] pay statements,[10] along with credible supporting testimony proffered during the inquest hearing. Plaintiff's counsel also submitted a summary of damages at the inquest hearing. *See* Court Ex. 1.

#### 1. Unpaid Wages and Overtime

Plaintiff has demonstrated unpaid wages and overtime at the inquest hearing in the amount of $1,801.25. *See also Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011) ("In an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct.").

#### 2. Liquidated Damages Under FLSA

Under the FLSA, liquidated damages may be awarded 'in an additional equal amount' to the amount owed for 'unpaid minimum wages, or . . . unpaid overtime compensation," unless "the employer shows . . . that the act or omission giving rise to [FLSA liability] was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA]. . . ." *Fermin*, 2015 WL 1285960, at *23. However, here, since defendants have not

---

[9] Pl.'s Exs. 3-4.
[10] Pl.'s Exs. 3, 7-8.

answered or otherwise appeared, I respectfully recommend awarding 100% liquidated damages for plaintiff on the FLSA overtime compensation claims in the amount of $1,801.25.

### 3. *Liquidated Damages Under NYLL*

Similar to FLSA's liquidated damages provision, under the NYLL, "[e]mployees may recover liquidated damages of 100% of wages owed unless 'the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law.'" *Fermin*, 2015 WL 1285960, at *24 (citing NYLL § 198(1-a)).

However, as Judge Oetken properly noted,

> Courts in the Second Circuit are divided over whether a plaintiff may recover liquidated damages under both FLSA and the NYLL, *see, e.g., Lopez v. A. Napco & Son Inc.,* —— F.Supp.2d ——, 2014 WL 3893234, *1 (E.D.N.Y. Aug. 7, 2014), but allowing recovery under both statutes appears to be the majority approach. *Jaramillo,* 2014 WL 2993450 at (collecting cases). This is because the Supreme Court has specified that liquidated damages under FLSA are compensatory, *Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572, 583 (1942), but the Second Circuit has held that liquidated damages under the NYLL are punitive, *Reilly v. Natwest Markets Grp ., Inc.,* 181 F.3d 253, 265 (2d Cir.1999) (*citing Carter v. FritoLay, Inc.,* 74 A.D.2d 550 (1st Dep't 1980), *aff'd,*52 N.Y.2d 994 (1981)). Therefore, the two types of liquidated damages are "not functional equivalents," and a plaintiff may recover both. *Reilly,* 181 F.3d at 265 (holding the two types of damages are "not functional equivalents"); *Yu Yee Ho v. Sim Enterps., Inc.,* No. 11–CV–2855 (PKC), 2014 WL 1998237, *18 (S.D.N.Y. May 14, 2014) (collecting cases).

*Tackie v. Keff Enterprises LLC*, No. 14-CV-2074 JPO, 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014).

Because liquidated damages under FLSA and NYLL serve different functions—one being compensatory, and one being punitive—the undersigned respectfully recommends awarding plaintiff liquidated damages under NYLL. Therefore, the undersigned respectfully recommends awarding 100% in liquidated damages under NYLL in the amount of $1,801.25.

*4. Prejudgment Interest of Unpaid Overtime Under NYLL*

Plaintiff seeks prejudgment interest at 9% on the unpaid overtime claim under NYLL. Tape; Court Ex. 1. Although prejudgment interest under the FLSA may not be awarded in addition to liquidated damages, it may be awarded under NYLL. *Fermin*, 2015 WL 1285960, at *24. "This dual availability occurs because New York State views liquidated damages as punitive, and not compensatory, such that pre-judgment interest is not a duplicative damages award." *Id.* "The N.Y. C.P.L.R. provides that interest 'shall be at the rate of *nine per centum per annum.*" *Id.* at *25 (citing N.Y. C.P.L.R. § 5004). Based on evidence heard at the inquest hearing, the undersigned respectfully recommends that plaintiff is owed prejudgment interest of 9% per year based upon NYLL overtime claim in the amount of $162.11.

*5. Attorney's Fees*

"Under both FLSA and NYLL, a prevailing plaintiff may recover reasonable attorney's fees and costs." *Tackie v. Keff Enterprises LLC*, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *7 (S.D.N.Y. Sept. 16, 2014) (citing 29 U.S.C. § 216(b); NYLL § 198). "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro–North R. Co.,* 658 F.3d 154, 166 (2d Cir.2011). The Second Circuit has explained that the lodestar rates should be comparable to those attorneys who perform similar work. The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant

community is generally the "district in which the court sits," *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir.1983); *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. HVH Enter. Corp.*, No. 13-CV-2769 JS ARL, 2014 WL 923350, at *5 (E.D.N.Y. Mar. 10, 2014).

Counsel seeks a fee award of $21,822.50 predicated upon the work of three attorneys billing a total of 48.3 hours on this matter. The level of detail in the bills generally supports the award of counsel fees. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir.1983) (application for attorneys' fees must be accompanied by contemporaneous time records specifying relevant dates, time spent, and work done). However, three hours of this time is attributed to work with the above-mentioned expert witness, which is not recoverable in this action, reducing the total number of compensable hours to 45.3. *See Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 79 (2d Cir. 2004) (holding in a statute that follows the FLSA approach for attorney's fees and costs, "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount"). This total exceeds the amount of hours commonly awarded in the default context, however, this particular matter proved more complex than a typical default, and therefore, the hours sought are reasonable. *See Martone v. HST Roofing, Inc.*, 2007 WL 595054, at *3 (E.D.N.Y. Feb. 22, 2007) (finding 20 hours reasonable in a standard default action); *La Barbera v. David Liepper & Sons, Inc.*, No. CV-06-1371(DLI)(JMA), 2006 WL 2423420 at *5 (E.D.N.Y.2006)(same).

Furthermore, while a few of the hours are billed by a junior associate $225 per hour, the vast majority of the hours are charged at $500 per hour for two firm partners. Generally speaking, in this Court, partners have generally been awarded between $200 to $375 per hour.

*Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. 12-CV-6317 ADS AKT, 2013 WL 4761151, at *9 (E.D.N.Y. Sept. 3, 2013). Associates have been generally awarded between $100 to $295. *Id.* As such, and given the fine work done by counsel in this case, I would recommend a blended rate of $350 per hour for the 45.3 compensable hours, for a total attorneys' fee award of $15,855.00

### 6. *Costs*

Plaintiff submitted documentation of her litigation costs, $1,676.40. Pl.'s Ex. 10(b). While the costs all appear reasonable and otherwise subject to award under the FLSA, $1,000 of the costs submitted relate to an expert witness fee, *id.*, which do not, in any way, relate to the amounts awarded here. As such, I recommend the award of $676.40 in costs and disbursements. *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends (1) granting default judgment as to plaintiff's FLSA and NYLL overtime claims, (2) denying default judgment in all other respects, and (3) awarding $22,097.26 in damages.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and

Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.

**Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals**. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").


Dated: Central Islip, New York
      August 20, 2015

                                           /s/ Gary R. Brown_____
                                           GARY R. BROWN
                                         United States Magistrate Judge